UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REGINALD WAYNE WILTON,

                Petitioner,

    v.

MARGARET GILBERT,

                Respondent.

Case No. C16-207-JCC-JPD

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Reginald Wilton has submitted to this Court for consideration a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he seeks to challenge his 2007 King County Superior Court judgment and sentence. Respondent filed an answer to the petition in which she argues that petitioner's federal habeas petition is time-barred. Petitioner, in apparent response to respondent's answer, filed a motion to withdraw his petition without prejudice. This Court, having reviewed the petition, respondent's answer thereto, petitioner's motion to withdraw, and the balance of the record, concludes that petitioner's motion to withdraw his petition without prejudice should be denied, and that petitioner's federal habeas petition and this action should be dismissed, with prejudice, as untimely.

## PROCEDURAL HISTORY

On November 30, 2006, petitioner pled guilty in King County Superior Court to one count of assault in the first degree, three counts of robbery in the first degree, two counts of robbery in the second degree, and one count of burglary in the first degree. (*See* Dkt. 15, Ex. 1 at 1 and 7.) Petitioner was sentenced on January 19, 2007 to a total term of 318 months confinement, and judgment was entered on January 22, 2007. (*See id.*, Ex. 1 at 4.)

Petitioner moved to withdraw his guilty plea on or about October 24, 2007, and the King County Superior Court denied that motion on June 4, 2008. (*See id.*, Ex. 2.) Petitioner appealed the denial of his motion to withdraw his plea to the Washington Court of Appeals. (*See id.*, Exs. 3, 4 and 5.) On November 9, 2009, the Court of Appeals issued an unpublished opinion affirming the denial of petitioner's motion to withdraw his guilty plea, but remanding the case for clarification or correction of the no-contact provisions of petitioner's sentence. (*Id.*, Ex. 8.) Petitioner moved for reconsideration, and that motion was denied on December 10, 2009. (*Id.*, Exs. 9 and 10.) Petitioner next filed a petition for review in the Washington Supreme Court, and the Supreme Court denied review without comment on July 7, 2010. (*Id.*, Exs. 11 and 12.)

On January 13, 2015, petitioner filed a petition for writ of habeas corpus in the Spokane County Superior Court challenging his 2007 King County judgment and sentence. (*Id.*, Ex. 13.) The petition was transferred to the Washington Court of Appeals for consideration as personal restraint petition, and the Court of Appeals issued an order dismissing the petition on June 1, 2015. (*See id.*, Ex. 14.) Petitioner thereafter filed a motion for discretionary review in the Washington Supreme Court, and the Supreme Court Commissioner issued a ruling denying review on October 12, 2015. (*Id.*, Exs. 15 and 16.) Petitioner filed a motion to modify the Commissioner's ruling, and that motion was denied on January 6, 2016. (*Id.*, Exs. 17 and 18.)

On February 10, 2016, this Court received petitioner's federal habeas petition for filing. (*See* Dkt. 1.) Petitioner identified eleven grounds for relief in his federal habeas petition. (*See* Dkts. 6 and 7.) Petitioner's claims have not been listed herein as the precise nature of those claims is irrelevant to the disposition of the petition.

## DISCUSSION

Respondent argues in her answer to petitioner's federal habeas petition that the petition is untimely under the federal statute of limitations, 28 U.S.C. § 2244(d). (*See* Dkt. 12.) Petitioner, in his motion to withdraw his petition, does not specifically concede that his petition is untimely, he suggests only that it would not be in the interests of justice or judicial economy for him to pursue the petition at this time. (Dkt. 16.) Once an answer to a pleading has been filed, as is the case here, an action may be dismissed at the request of a petitioner only by court order and on terms that the court considers proper. *See* Fed. R. Civ. P. 41(a)(2). Petitioner here seeks to withdraw his petition without prejudice. Dismissing this action without prejudice, as petitioner requests, would leave open the possibility that petitioner might attempt to re-file his petition at a later date. However, the record before this Court clearly demonstrates that any federal habeas challenge to petitioner's 2007 King County judgment and sentence is now, and will forever be, time-barred, and that dismissal of this action *with* prejudice is therefore the only appropriate disposition. Accordingly, this Court deems it appropriate to proceed to disposition of the petition rather than grant petitioner leave to withdraw his petition.

### Statute of Limitations

Pursuant to § 2244(d)(1), a one year period of limitation applies to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. The one year limitation period generally begins to run from the date of the conclusion of direct

review or "the expiration of the time for seeking such [direct] review," whichever is longer.  28 U.S.C. § 2244(d)(1)(A).  In this case, the period for direct review ended, at the latest, upon the expiration of the period for filing a direct appeal of the judgment and sentence with the Washington Court of Appeals.[1]

Petitioner's judgment and sentence was filed in King County Superior Court on January 22, 2007.  (*See* Dkt. 15 at 1.)  Petitioner had 30 days after the entry of the judgment to file a notice of appeal in the Washington Court of Appeals.  *See* Rule 5.2(a) of the Washington Rules of Appellate Procedure.  Because petitioner did not file a notice of appeal, his conviction became final on or about February 21, 2007.  28 U.S.C. § 2244(d)(1)(A).  Petitioner's one year statute of limitations began to run the following day.  *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction.  28 U.S.C. § 2244(d)(2).  Petitioner filed a motion to withdraw his guilty plea on or about October 24, 2007 which stopped the clock on the federal statute of limitations.  At that time, 244 days had run on the statute of limitations.  Petitioner appealed the trial court's denial of his motion to withdraw his plea, and that appeal concluded on July 7, 2010 when the Washington Supreme Court issued its Order denying petitioner's petition for review.  The statute of limitations began to run again the following day, July 8, 2010, and expired 121 days later on November 6, 2010.  Petitioner filed a petition for writ of habeas corpus in the state courts in January 2015.  However, because that petition was filed after the statute of limitations had already expired, it did not act to toll the limitations period.

---

[1] While petitioner appealed the trial court's denial of his motion to withdraw his guilty plea, he did not appeal his original judgment and sentence.

REPORT AND RECOMMENDATION
PAGE - 4

The statute of limitations governing federal habeas petitions is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). However, the Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A petitioner bears the burden of showing that equitable tolling should be applied. *Id*. at 1065. Petitioner makes no effort here to demonstrate that he is entitled to equitable tolling of the limitations period.

As noted above, petitioner filed his federal habeas petition on February 10, 2016, over five years after the statute of limitations expired on November 6, 2010. Because petitioner filed his petition outside of the § 2254 statute of limitations period, and because petitioner has not demonstrated that he is entitled to equitable tolling of the limitations period, his petition is time-barred.

## Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's motion to withdraw his petition without prejudice be denied, and that petitioner's federal habeas petition and this action be dismissed, with prejudice, as untimely. This Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **August 31, 2016**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 2, 2016.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 10th day of August, 2016.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge